### In re HAUPT.
### No. 9561.

District Court, W. D. Pennsylvania.
Nov. 2, 1932.

Richard H. Gilbert, of Tyrone, Pa., for bankrupt.

Hicks & Owens, of Tyrone, Pa., for objecting creditors.

Calvin Lang, of Hollidayburg, Pa., referee.

SCHOONMAKER, District Judge.

The bankrupt filed his voluntary petition in bankruptcy on October 18, 1920, and his petition for discharge in April, 1921.

Specifications of objections to the discharge were filed by the H. W. Gossard Company, the only creditor listed in the bankruptcy schedules. These specifications of objections charged, in effect, that the bankrupt had committed an offense punishable by imprisonment under the Bankruptcy Act (11 USCA), in that he had failed to schedule certain assets in his possession or under his control at the time he filed the petition in bankruptcy. The specifications of objections

were referred to J. Calvin Lang, Jr., who, on September 8, 1932, filed his report recommending the refusal of the bankrupt's petition for discharge, because he had failed to schedule, and account for, certain assets in his possession at the time he filed his petition in bankruptcy. No exceptions were filed by the bankrupt, but on September 26, 1932, he presented to the referee in bankruptcy a petition to review the findings of the special master. This petition was filed in this court on October 3, 1932, as an exception to the special master's report. The case was then heard on these exceptions.

The first point made by the bankrupt was that the specifications of objections to his discharge, which were filed on May 26, 1921, should have been dismissed for want of prosecution, because nothing was done from that day until October 18, 1926, when the case was referred to J. Calvin Lang, as special master; and because nothing was done thereafter until December 14, 1928, when the hearing on the specifications of objections was taken up.

The next point made by the bankrupt is that the specifications of objections were indefinite and insufficient to charge that the bankrupt owned, or had under his control, money which he obtained in 1918, eight months prior to the time of filing his petition in bankruptcy; that the evidence before the special master was not sufficient to prove beyond a reasonable doubt that he had any assets in his possession at the time the petition was filed; that the money found to have been deposited by the mother of the bankrupt, Mary C. Haupt, on April 22, 1920, even though it might have come from the bankrupt, it was more than four months prior to the time of filing his petition in bankruptcy, and therefore not a ground for refusing his discharge; that Mary C. Haupt, who was charged with having concealed the money for the bankrupt, did not die until April 7, 1924, and might, before that time, have been called for examination; that it is therefore unfair now to bring up these specifications that make the bankrupt suffer by reason of his inability to explain the transactions of Mary C. Haupt; that the findings of the referee are not justified by the evidence in the case; and that the creditors failed to sustain the burden of proof imposed upon them by law.

There has, undoubtedly, been an unreasonable delay in this case in the matter of reference of the specifications of objections to the special master, and then in the hearing with regard thereto. We cannot find from the evidence where the blame for this delay might lie. The bankrupt might have called for a hearing on these specifications at any time; and we believe he is not in a position, therefore, to claim that he had been prejudiced by this delay.

We have reviewed the testimony taken before the special master, and have come to the conclusion that the evidence before him fully justifies his findings, that the bankrupt was not entitled to his discharge. The evidence taken before the special master, who saw the witnesses, and heard them, justifies the findings that he made.

We shall therefore dismiss the exceptions to the master's report, confirm his report absolutely, and deny the bankrupt's petition for discharge.

An order will be entered accordingly.